IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALMOND MITCHELL, (SPN #01306223) | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION H-11-3923 |
| 339TH DISTRICT COURT, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Almond Mitchell, a Harris County Jail inmate, sued in November 2011, alleging that he was denied a fair bond revocation hearing. Mitchell, proceeding *pro se* and *in forma pauperis*, sues the 339th Judicial District Court of Harris County, Texas. Under the applicable law, Mitchell's claims cannot proceed and his case is dismissed.

Mitchell alleges that during his bond revocation hearing, he was not allowed to challenge the truthfulness, relevance, or materiality of certain statements. He alleges that although he was represented by counsel, his counsel was ill-prepared to present a viable defense. Mitchell asks this court to reinstate his bond or remand this case to the state court for a new bond revocation proceeding.

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an

arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Mitchell sues the 339th Judicial District Court as the only defendant, claiming that the judge denied him a fair bond revocation hearing. Judges have absolute immunity from lawsuits when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly. A judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White,* 484 U.S. 219, 227-229 (1988) (denying judge absolute immunity when performing administrative rather than judicial duties). Conducting bond revocation hearings is a normal judicial function and was in the jurisdiction of the revocation of Mitchell's bond that was judge of the 339th Judicial District Court. Mitchell does not allege, nor does the record support, a clear absence of jurisdiction. Mitchell's claims against the judge of the 339th Judicial District Court lack merit as a matter of law because Mitchell is seeking relief from a party who is immune from suit.

Mitchell's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is granted. The action filed by Almond Mitchell (SPN Inmate #01306223) is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

 (1) Sergeant M.E. McKinney, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(2)   the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on November 21, 2011, at Houston, Texas.

*Lee H. Rosenthal*
Lee H. Rosenthal
United States District Judge